```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION


TED BOYD                                               PLAINTIFF

VS.                         CIVIL ACTION NO. 5:06-cv-128(DCB)(JMR)

ALLIANCE IMAGING, INC.;
WILLIAM E. PRYOR;
PENSKE TRUCK LEASING CO., L.P.;
JOHN DOE 1-2; AND XYZ CORPORATION                      DEFENDANTS
```

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the plaintiff Ted Boyd's motion to remand **(docket entry 2)**. Having carefully considered the motion and response, the memoranda of the parties and the applicable law, the Court finds as follows:

This case was removed to this Court from the Circuit Court of Adams County, Mississippi, on the basis of fraudulent joinder. This is a personal injury action arising out of an automobile accident involving a vehicle driven by the plaintiff and a vehicle driven by defendant William E. Pryor. Both plaintiff Boyd and defendant Pryor are resident citizens of Louisiana. Presently before the Court is the plaintiff's motion to remand wherein he asserts that this action was wrongfully removed from state court.

The Fifth Circuit has stated that "a motion to remand an action removed from state to federal court is a question of federal subject-matter jurisdiction and statutory construction." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995) (citation omitted). The removing party bears the ultimate burden

of establishing federal jurisdiction over the state court suit. Id. Moreover, all doubt is to be resolved against removal. Id. at 365-66.

In cases alleging fraudulent joinder, a heavy burden is placed on the removing party:

> In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts.

B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981). The trial court need not "decide whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so." Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42 (5th Cir. 1992). More accurately, "there must at least be arguably a reasonable basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder." Badon v. RJR Nabisco, Inc., 236 F.3d 282, 286 n.4 (5th Cir. 2000).

"[T]he proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment ...." Carriere v. Sears, Roebuck and Co., 893 F.2d 98, 100 (5th Cir. 1990)(quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549, n.9 (5th Cir. 1981)). The Court may "pierce the pleadings" and consider such evidence as affidavits and

deposition testimony.  Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 263 (5th Cir. 1995)(citing Ford v. Elsbury, 32 F.3d 931, 935 (5th Cir. 1994)).  The plaintiff "may not rest upon the mere allegations or denials of his pleadings."  Gray v. Beverly Enterprises-Mississippi, Inc., 261 F.Supp. 2d 652, 655 (S.D. Miss. 2003)(quoting Beck v. Texas State Bd. Of Dental Examiners, 204 F.3d 629, 633 (5th Cir. 2000)).

In the case sub judice, the plaintiff asserts that defendant Pryor's alleged negligence gives rise to the possibility of a viable state law claim against him.  He argues, therefore, that the Court lacks diversity jurisdiction over this matter and the case should be remanded to the Circuit Court of Adams County.  The defendants argue, however, that the plaintiff has no possibility of recovery against Pryor since he was acting as an agent of his employer at the time of the accident, that Pryor should be dismissed from the case, and that Pryor's citizenship should be disregarded for purposes of determining diversity jurisdiction.

The question for this Court is whether the plaintiff has stated a viable claim, recognized under the laws of Mississippi, against Defendant Pryor.  Under Mississippi's law of agency, an agent is generally not personally liable for torts committed by his principal.  Vestal v. Oden, 500 So.2d 954, 957 (Miss. 1987).  The agent, however, will be "subject to personal liability when he 'directly participates in or authorizes the commission of a tort.'"

Hart v. Bayer Corp., 199 F.3d 239, 247 (5th Cir. 2000)(quoting Mississippi Printing Co., Inc. v. Maris, West & Baker, Inc., 492 So.2d 977, 978 (Miss. 1986)). In other words, "an agent for a disclosed principal can be held personally liable for his own tortious acts committed within the scope of his employment." Id. (citing Wheeler v. Frito-Lay, Inc., 743 F.Supp. 483, 487 (S.D. Miss. 1990)(holding that the plaintiff stated a possible claim against an employee-driver for negligent driving within the scope of his employment)). In light of the foregoing, the Court finds that under Mississippi law, an employee acting as an agent of his employer could incur personal liability for a third party's injuries caused by the employee's own negligence in operating a motor vehicle. The plaintiff's claims thus give rise to the possibility of liability on the part of the non-diverse defendant, and Pryor has not been fraudulently joined. As a result, the Court finds that it lacks diversity jurisdiction over this matter, and the case will be remanded to state court. Accordingly,

IT IS HEREBY ORDERED that the plaintiff Ted Boyd's motion to remand **(docket entry 2)** is GRANTED.

A separate order in accordance with this Memorandum Opinion shall issue this date.

SO ORDERED, this the   13th   day of August, 2007.

                                             s/ David Bramlette
                                     UNITED STATES DISTRICT JUDGE